Opinion upon the Petition for a Rehearing.
Petition is filed by Puryear, executor of Samuel Win-stead, A. Thomas and William Harrison, Jr'., administrators of William Harrison, Sr., and by the heirs, for a re-hearing, and the following grounds assigned:
lsi Ground. — There is no issue raised by the pleadings in the original case of Mrs. Stephenson, or the cross-suit of Milly, Dick and others, as to the part of the estate out of which the debts and expenses of the administration should be paid; and Milly and others, in their answer, concede in effect, that ' they are entitled . only to the surplus after payment • of debts and expenses.
I have no doubt that the original and cross-bill do put all this matter sufficiently in issue.1 1 The cross-bill was filed to compel the executors to account for the fund in their hands, and expressly prays for a construction of the will upon this point.
2nd Grounds — The original suit of Mrs.1 Stephenson *211 and husband against the executors and the negroes, appears by the record, to have been revived in the name of Smith, as her administrator, and against Harrison and Thomas, as administrators of William Harrison, Sr.; but the cross suit of the negroes was not so revived.
There is nothing in this., objection. The original suit and the cross suit were long ago consolidated in the court below; and if they were not one suit before that time, they have since been but one cause, and have been treated as such, both in that court and iir this. Under - the prevailing practice, the orders of revivor, though entitled in the original cause, must be held to be made in the cause as consolidated, and to apply equally to • all parts of that cause.
3rd Ground. — To authorize a decree against the executors of Samuel Winstead, personally, upon the ground that they have wrongfully appropriated the fund of the negroes to payment of other legacies, &c., there should be proper and distinct allegations of such matters in the pleadings.
We do not think that any amendment of the pleadings is necessary in this respect. The cross-bill is filed to compel the executors to account for certain alleged mal-administrations; to have a' construction of the will, and a determination as to what fund the debts and expenses should be paid out of. Under this bill, the negroes were entitled to an account of the amount coming to them from the estate of the testator.; and, upon such accounting, it would be the duty of the executor to produce or account for the money; and if they, fail *212 ed to do so, a ' decree would be made against them for the deficiency. The complainants are not obliged to charge, with particularity, that the executors have used the fund in the payment of other legacies; they may not know what use the executors have made of the money; and it does not concern the complainants whether the executors have used it in that way or in some other; the only part which they have anything to do with, is the fact that the money due them is not forthcoming, when it should be. And if it appears in the progress of such a cause that the executors have, by wrongfully retaining the fund, rendered themselves liable to pay interest upon it, the decree for such interest follows as an incident to the principal relief.
4th Ground. — The decree of 9th April, 1862, did not pass upon and settle the question as to what part of the estate the debts, legacies, &c., are to be paid, or had been paid; and, therefore, this Court cannot act or decree as to these matters.
This Court, upon appeal, will make all necessary and proper decrees upon the record, as presented; and is not limited to a mere reversal or affirmance of the decree of the Chancellor. Our jurisdiction to make a proper decree upon the record before us, is not ousted by the fact that the Chancellor failed to make such decree as he might or ought to have done.
. 5th Ground. — The decree made by consent, being set aside in part, it should have been set aside altogether, and then the statements in the bill being fully denied in the answer, no decree could be made against the executors.
*213 The decree we make is based upon the statements in the answer alone, and only for the amount of the fund in the hands of the executors, and the interest for which, upon the admissions in the answer, they are clearly liable. The only question in the mind of the Court as to this point is and was, whether we were justified in rendering a decree for so small an amount of interest: Turney vs. Williams, 7 Yerg., 214.
6ih Ground. — The writ of error was barred by the statute of limitations, the decree having been rendered more than two years prior to the 22d of February, 1865, and the writ of error having been issued after that date.
This objection is without weight, as the Constitutional Amendment of 1865 clearly covers the case, the decree in the case having been rendered after the 6th day of May, 1861, and being within the express terms of the amendment.
7th Ground. — The answer of the executors relied upon the settlement made with the County Court, as a defense; and as the answer must be taken as true, for the purposes of the present decree, it was erroneous to charge them with anything beyond what the answer shows to have been charged against them in that settlement.
This settlement was only prima fade evidence in fayor of the executors: Code 2305; Turney vs. Williams, 7 Yerg., 210; Elrod vs. Lancaster, 2 Head, 574. The decree here is made only for the amount admitted by the answer to be in the executors’ hands, and for interest thereon, for which their answer shows them to be liable. In alluding in the former opinion in this case, to the want of notice of this settlement, it was not intended to *214 intimate that such á settlement, even if made upon notice^ would be conclusive upon the distributees and legatees.
Most of the points raised upon this petition for a rehearing were considered by the Court before announcing its former decision in the cause; and after a careful review of the case, and consideration of the able briefs furnished us by the counsel, we are satisfied that the decision already announced is correct, and that a petition for a rehearing must be denied.